Mr. Justice Hall
delivered the opinion of the Court.
The parties appear here in the same order as in the trial court, where Mary Sue Kettering, to whom we refer as claimant, was the plaintiff, and Public Employees’ Retirement Board, to whom we refer as the board, was the defendant.
On October 19, 1960, the claimant, widow of Judge Charles Edgar Kettering, made application to the board for a widow’s retirement annuity in monthly amounts equal to twenty-five percent of Judge Kettering’s average monthly salary by him received during the five-year period immediately preceding his retirement on April 30, 1951.
The board, on November 16, 1960, denied the application and notified counsel for claimant that the estate of Judge Kettering was entitled to a refund of all contributions made by him to the retirement fund.
On April 24, 1961, this action was commenced by claimant, who filed her complaint under Rule 106, Colo. R.C.P., seeking review of the order of the board. The board filed its answer admitting parts and denying parts of claimant’s complaint.
Trial was to the court on an agreed statement of facts. Two questions of fact which one or the other party con *476 sidered material were not agreed upon and were subject of proof.
Only two witnesses testified.
One Alexander identified claimant’s Exhibit “A,” dated May 22, 1951, “Notice of Change of Beneficiary,” as being in the handwriting of Judge Kettering. The change made by Exhibit “A” was: “From previously designated beneficiary, To my estate.”
Raymond Heath, secretary of the board, testified that he had furnished to Judge Kettering forms for change of beneficiary; that a search of the files of the board failed to disclose Exhibit “A” therein, and he expressed it as his opinion that Exhibit “A” had not been received by the board.
Heath further testified, over objections of claimant, concerning the fund and its actuarial basis. In the record appears the following question and answer:
“Q Now, from this knowledge from working with the Board, would this premium as now set up by the legislature of six [paid by employee] and twelve [paid by state] per cent be adequate to cover the widows of judges who had not paid into the Fund for five years? [objections].
"A No.”
The trial judge, on July 6, 1961, found that the board had properly denied the application of claimant. He made no specific findings, dispensed with the necessity of filing a motion for a new trial, granted a stay of execution for sixty days, and granted “sixty days for a record and transcript for appeal.”
Claimant is here by writ of error seeking reversal and entry of judgment in accordance with her prayer for relief or for reversal and remand for a new trial.
From the record it appears that Charles Edgar Kettering served as Judge of the County Court of the City and County of Denver during the period January 12, 1937, to April 30, 1951, on which later date he resigned *477 his judicial position. On June 21, 1949, Kettering became a member of the Public Employees’ Retirement Association (PERA), and during the period July 31, 1949, to April 30, 1951, contributed $29.17 monthly to the retirement fund. Total contributions for the twenty-two months amounted to $641.74. By reason of such service and contributions he became eligible for deferred retirement benefits- — the same to be received on his attaining the age of sixty-five on January 31, 1966. Kettering died June 1, 1960, he then being fifty-nine years of age.
During the period of time that Kettering was a member of PERA and paying into the fund, his rights and duties were defined by C.R.S. ’53, 111-6-(1-13), (Laws 1949, p. 333). There is no provision in that act for survivor benefits. However, the act does provide exactly what shall be done in a fact situation such as we have before us.
C.R.S. ’53, 111-6-12 provides:
“Heirs to receive payments, when. — (1) Whenever a judge who is a member of the retirement association shall die without receiving an annuity, an amount equal to the total of his accumulated deductions shall be paid in one lump sum to the beneficiaries designated by such judge, or if none, to the legal representative of such judge upon the establishment of a valid claim.”
The board contends that this act is controlling and offered to grant the- relief therein specified.
Claimant points out that prior to the death of Judge Kettering, the legislature in 1957 added to 111-6-12, supra, the following:
“(4) Effective July 1, 1957, whenever any judge who is a member of the retirement association, and has completed at least five years service hereunder, and dies prior to eligibility for retirement and leaves a widow, ; shaii receive a retirement annuity in a monthly amount equal to twenty-five per cent of the average *478 monthly salary for the five years immediately preceding death, * * * .” (Emphasis supplied.)
She predicates her claim upon the foregoing subsection and argues that it was the intent of the legislature to provide a survivor’s pension in situations such as the facts here disclose.
We hold that the express wording of the statute under which she asserts her claim precludes her from qualifying.
At the outset the statute says: “Effective July 1, 1957, * * * .”
Such wording does not lend itself to a construction that it be imposed retroactively to 1951, when Kettering ceased to be a judge, ceased to draw a salary and ceased his contributions to the fund.
Judge Kettering’s status became fixed in 1951, subject of course to his future public service, death, or attaining the age of sixty-five.
Claimant has a misconception of her husband’s status on his retirement. He had been a judge- — not in name only, but in truth and in fact, functioning as a judge with all of the powers and duties of the office and emoluments thereof. All of which terminated upon his retirement from office. And she, upon his death, became the widow of a former judge.
He had not completed at least five years service “hereunder” —■ his service had been long prior hereto, rather than “hereunder,” as the statute prescribes.
Even if claimant otherwise qualified under the foregoing provisions of the statute, she could receive only: “ * * * twenty-five per cent of the average monthly salary for the five years immediately preceding death, * * sjs >>
Admittedly, Judge Kettering received no monthly or other salary for more than nine years immediately preceding death.
We find no ambiguities or conflicts in the section relied upon. We do not find it to be out of harmony *479 with any other provisions of the Public Employees’ Retirement Act. It needs no construction or interpretation, and to construe the act as contended for would simply be to rewrite it and that is not the privilege or prerogative of the courts.
Since this case was briefed and argued in this court, we have decided the case of Martin v. Public Employees’ Retirement Board, 150 Colo. 127, 371 P. (2d) 266, wherein the widow of a State Highway Department employee sought survivor benefits. There, it appeared that Martin had been employed by the Highway Department for over fourteen years, during all of which time he was a member of PERA, and during all of which time he had contributed to the retirement fund. He never became eligible for retirement because of superannuation. About one year prior to his death he became permanently incapacitated and was retired. He was granted the full retirement annuity equivalent in amount to that provided for retirement on superannuation.
In affirming the holding of the board denying the widow’s claim, we there said:
“The precise question posed is whether Martin at the date of his death was both an ‘active member’ of the association, and had rendered at least two years of ‘credited service’ immediately prior to his death. If he was not an ‘active member’ of the association at the date of his death, or if he had not rendered two years of credited service immediately prior to his death, then his widow does not qualify for the survivor benefits provided by this statute.
“Prior to June 6, 1957 Martin was an ‘active member’ of the retirement association, making periodic contributions to the retirement fund and as of that date had nearly 15 years of ‘credited service.’ On that date, though not eligible for superannuation benefits, he was retired because of physical disability and thereafter ceased being an ‘active member’ of the association and *480 became a ‘disability retiree.’ As such he was entitled to a disability annuity, which he received for about one year and from which no deductions for the retirement fund were made. As of June 6, 1957 he ceased making any financial contribution to the retirement fund, and accordingly his period of ‘credited service’ also came to an end. This being the case the claimant has failed to meet the requirements and conditions imposed by the General Assembly, and the Board under the circumstances did not err in denying her claim.”
Following the reasoning and holding in Martin, supra, we hold that:
1. At the time of his death Kettering was not a judge.
2. He had received no salary for more than nine years immediately preceding his death.
3. He had made no contributions to the fund for more than nine years preceding his death.
So holding, it clearly follows that claimant does not qualify as one entitled to any relief under the act upon which she relies, or at all.
Counsel urge that it was error for the trial court to permit the secretary of the association to testify in substance that to allow claims of this type would render the fund actuarily unsound. We agree with counsel that such evidence is irrelevant. Claimant’s rights are in no manner contingent on the fund being actuarily sound or unsound. We doubt that the learned trial judge was influenced by this evidence. Be that as it may, we have carefully reviewed the record and have reached our conclusion, uninfluenced by fears or hopes for the soundness of the fund.
The judgment is affirmed.
Mr. Justice Moore not participating.